NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. WILSON, | No. C 10-05494 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| M. P. MOORE, et al., | |
| Defendants. | (Docket No. 3) |

Plaintiff, a California prisoner incarcerated at the Salinas Valley State Prison ("SVSP") in Soledad, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against SVSP prison officials. Plaintiff will be granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

A.   28 U.S.C. § 1915A(a) Screening

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
2  be granted or seek monetary relief from a defendant who is immune from such relief. See id.
3  § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.
4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was
7  violated, and (2) that the alleged violation was committed by a person acting under the color
8  of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).
9  B.     Legal Claims
10       Plaintiff claims that his due process rights were violated during a disciplinary hearing
11 on March 27, 2010, at which he was found guilty of distribution of a controlled substance.
12 Plaintiff was assessed 180 days forfeiture of good time credits and the loss of several
13 privileges. Plaintiff seeks restoration of the good time credits and damages. (Compl. at 3.)
14       "'Federal law opens two main avenues to relief on complaints related to
15 imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the
16 Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to
17 the lawfulness of confinement or to particulars affecting its duration are the province of
18 habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v.
19 Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his
20 confinement, however, may be brought under § 1983." Id.
21       A parole or time credit claim that affects the legality or duration of a prisoner's
22 custody, and a determination of which may likely result in entitlement to an earlier release,
23 must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997);
24 Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991);
25 Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d
26 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or
27 "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).
28       Here, Plaintiff's forfeiture of credit claim affects the duration of his custody and the

United States District Court
For the Northern District of California

1  determination of the claim may result in entitlement to an earlier release, and therefore must
2  be brought in habeas.  See Butterfield, 120 F.3d at 1024.  Furthermore, although a district
3  court may construe a habeas petition by a prisoner attacking the conditions of his
4  confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404
5  U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief
6  should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.
7  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this
8  action is DISMISSED without prejudice to Plaintiff's refiling as a petition for habeas corpus
9  pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons stated above, this action is DISMISSED without prejudice to refiling as a habeas action.  The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

Plaintiff's motion for appointment of counsel, (Docket No. 3) is DENIED as moot.

IT IS SO ORDERED.

DATED: 4/15/11

JEREMY FOGEL
United States District Judge

Order of Dismissal; Denying Appt. Of Counsel
P:\PRO-SE\SJ.JF\CR.10\Wilson05494_dismissal.wpd          3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH C J WILSON,

        Plaintiff,

  v.

M. P. MOORE, et al.,

        Defendants.

Case Number: CV10-05494 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  4/27/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph C. Wilson J-45144
Salinas Valley State Prison
31625 Highway 101
Soledad, CA 93960-1060

Dated:  4/27/11

                                Richard W. Wieking, Clerk